IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AVIS HOWARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 2:11-cv-01010-KOB |
| U.S. STEEL CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION

### I. INTRODUCTION

This matter comes before the court upon the magistrate judge's "Report and Recommendation." (Doc. 50). The magistrate judge wrote the report and recommendation in response to "Defendant United States Steel Corporation's Motion for Summary Judgment," (doc. 38), and "Defendant United States Steel Corporation's Motion to Strike Declaration of William Jackson and Memorandum of Law in Support Thereof," (doc. 47).

This case involves claims that United States Steel Corporation violated Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2006); the Americans with Disabilities Act of 1990, 42 U.S.C.A §§ 12101–12213 (West 2006); and the Family and Medical Leave Act of 1993, 29 U.S.C.A. §§ 2601–2654 (West 2006). In his report, the magistrate judge recommends granting the defendant's motion for summary judgment as to all claims and deeming as moot the defendant's motion to strike. In response, the plaintiff filed "Plaintiff's

1

Objection to the Magistrate's Recommendation," (doc. 54), and the defendant filed its "Response to Plaintiff's Objection to Magistrate Judge's Report and Recommendation," (doc. 56).

After careful consideration of the record, the report and recommendation, and all the objections filed by the plaintiff, the court will ADOPT the report of the magistrate judge and ACCEPT his recommendation. Accordingly, for the following reasons, the court will GRANT the defendant's motion for summary judgment, ENTER JUDGMENT for the defendant, and DEEM the defendant's motion to strike MOOT.

## II. THE PLAINTIFF'S OBJECTIONS

In her response to the magistrate judge's report and recommendation granting summary judgment in favor of the defendant, the plaintiff objects to the magistrate judge's findings of law and fact on all claims very generally. In addition, the plaintiff objects to the magistrate judge's findings of law and facts regarding her ADA claims, her Title VII claims, her FMLA interference claim, her FMLA retaliation claim, her showing of pretext generally in the case, and her showing of damages. Her shot-gun objections fall short of reaching their target, much as her shot-gun complaint also fails.

### A. PLAINTIFF'S OBJECTION TO ALL THE FACTUAL AND LEGAL FINDINGS OF THE MAGISTRATE JUDGE FOR FAILURE TO COMPLY WITH THE SUMMARY JUDGMENT STANDARD

In the plaintiff's first objection, she claims very generally that throughout the magistrate judge's report and recommendation, the magistrate judge draws improper inferences in favor of the defendant, formulates arguments on behalf of the defendant not raised, and makes inferences and conclusions not based on reason or the law.

District courts must review all properly challenged portions of a magistrate judge's report de novo. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) (2012). However, "[p]arties filing objections to a magistrate's report and recommendation must *specifically* identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (emphasis added) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)).

Because the plaintiff's first objection is general enough to cover the entire report and recommendation and because the plaintiff was on notice that "[o]bjections not meeting the specificity requirements [outlined in the report and recommendation] will not be considered by a district judge," (doc. 50), the court will not separately address the substance of the plaintiff's first objection. In accepting and adopting the magistrate judge's report and recommendation in its entirety, the court has fulfilled its duty to carefully review the magistrate judge's unchallenged legal findings de novo and unchallenged factual findings for plain error. *Dupree v. Warden*, 715 F.3d 1295 (11th Cir. 2013); *Nettles*, 677 F.2d 404. The plaintiff's first objection is not specific enough to require anything more.

B. PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS OF LAW AND FACT REGARDING HER ADA CLAIMS.

The plaintiff also objects to the magistrate judge's findings of law and fact regarding her claim that she was discriminated against on the basis of her disability in violation of the ADA. More specifically, the plaintiff claims that the magistrate judge erred in granting summary judgment on her ADA claims because the defendant had not met its initial burden of demonstrating that the plaintiff was not entitled to relief; the defendant did not adequately

address her claim that she was denied a reasonable accommodation prior to her termination; and the defendant could not show she did not suffer damages for her injuries prior to her termination.

Under the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), "the *plaintiff* has the initial burden of establishing a prima facie case of disability discrimination." *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189 (11th Cir. 2004) (emphasis added). Thus, the plaintiff's claims that the defendant failed to prove she was *not* subject to disability discrimination are inapposite. Plaintiff bears the initial burden of proof in this case and, for the reasons discussed in the magistrate judge's report, did not meet it.

As to the plaintiff's objection to summary judgment on her reasonable accommodation claim, even if this court assumes that she was entitled to and requested an accommodation of retraining after her periods of sick leave in 2008, she failed to show that the defendant did not adequately accommodate her. While the defendant may not have retrained the plaintiff in her former position after her health-related absences, "'an employer is not required to accommodate an employee in any manner in which the employee desires.'" *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997) (quoting *Lewis v. Zilog, Inc.*, 908 F. Supp. 931, 947 (N.D. Ga. 1995)). Instead, qualified disabled employees are only entitled to a *reasonable* accommodation. Under the ADA, a reasonable accommodation may include reassignments to a vacant position. *See* 42 U.S.C.A. § 12111(9)(B) (West 2006).

In this case, the plaintiff admits that she did not experience a decrease in pay when she was reassigned to other jobs on the dualine. (Def. Ex. A, Pl. Dep. at 149). Nor does she claim that she was unable to perform the duties to which she was assigned without an additional accommodation. (Def. Ex. A, Pl. Dep. at 158). Without more evidence that the reassignment was

punitive, therefore, the plaintiff cannot make a prima facie case that she was not given a reasonable accommodation.

The plaintiff's final objection that the defendant failed to show that the plaintiff did not suffer damages prior to 2009 for certain unspecified violations of the ADA is both extremely vague and moot. As to the plaintiff's failure to accommodate theory of liability, this court has already determined that the plaintiff is unable to make a prima facie case. As to the plaintiff's claim that she was terminated on the basis of her disability, the magistrate judge correctly found that the plaintiff was not fired until January 5, 2009.[1] Even assuming, therefore, that she was fired on the basis of her disability, any damages she would have received would have occurred in 2009—after the termination.

More importantly, the plaintiff cannot show damages at all for her termination because she fails to prove she was a qualified individual capable of performing the essential functions of her job. As the magistrate judge pointed out, the plaintiff does not even attempt to explain how she could be totally and permanently disabled as of January 1, 2009 according to her social security disability benefits and as of December 30, 2008 according to her U.S. Steel Sickness and Accident benefits and still be a qualified to perform her job prior to her termination on January 5, 2009 or at the end of the year-long payment of sickness and accident benefits. (*See* Doc. 50, at 14–16). Her complete failure to address this inconsistency makes entry of summary judgment on

---

[1] Although the plaintiff tries to argue that she was terminated on December 23, 2008, (pl. brief at 14 ¶ 1), as noted in the Report and Recommendation, she admitted in her deposition that the last day she worked was December 29, 2008, (pl. dep. at 64), when she attended a discipline hearing for prior mistakes. For this and the other reasons discussed in the Report and Recommendation, the court finds that the plaintiff was terminated on January 5, 2009. (*See* Def. Ex. F, "Supplemental Disciplinary Notification.").

her ADA termination claim appropriate. Ultimately, because she cannot make a prima facie case for either her termination or failure to accommodate claim, she is not entitled to withstand the defendant's motion for summary judgment on her ADA claim.

> C. PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS OF LAW AND FACT REGARDING THE PLAINTIFF'S SEX DISCRIMINATION CLAIMS.

The plaintiff also objects to the magistrate judge's findings of law and facts regarding her sex discrimination claims under Title VII. More specifically, she objects to the magistrate judge's determination that the plaintiff had abandoned all her claims of sex discrimination other than discriminatory discharge. In addition, she objects to the magistrate judge's determination that her comparator evidence was not strong enough to show that the defendant's purported reasons for discharging the plaintiff were pretextual.

The magistrate judge correctly found that the plaintiff abandoned all of her claims of sex discrimination based on adverse employment actions other than her discriminatory discharge. As to her hostile work environment claim, the plaintiff both failed to contest the claim in her brief and admitted in her deposition that she was not actually subjected to a hostile work environment. (*See* Pl. Dep. at 160). Similarly, as to her claims that the defendants discontinued her health insurance coverage early because of her sex, the plaintiff failed to dispute the defendant's factual assertion that it provided insurance to the plaintiff for almost a year after her employment was terminated—the maximum time allowed to anyone under company policy. (Def. Brief at 9, ¶¶ 40–41.).[2] Because the plaintiff pointed to no other specific claims of sex discrimination that the

---

[2] Although plaintiff's deposition indicates that she believes her insurance coverage discontinued shortly after her termination in January of 2009, (pl. dep. at 52–53, 120–124), the uniform initial order in this case stipulates that "[a]ll material facts set forth in the statement

magistrate judge erroneously deemed abandoned, this court finds that the magistrate judge did not err in determining that the plaintiff's only remaining sex discrimination claim was for her alleged discriminatory discharge.

In addressing her discriminatory discharge allegations, the magistrate judge correctly concluded that the plaintiff's comparator evidence showing other male coworkers were disciplined more frequently than the plaintiff and were not fired was insufficient. While the plaintiff did submit records of the disciplinary actions taken against her male coworkers, (pl. ex. E), she failed to "show that [s]he and the employees [were] similarly situated in *all relevant aspects*." *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997) (emphasis added). "In determining whether employees are similarly situated for the purpose of establishing a prima facie case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." *Id.*

Here, while the record the plaintiff submitted does provide the disciplinary measures taken, the description of the offense is often no more specific than "Unsatisfactory work," "Inattentive to duties," "Poor workmanship." (Pl. Ex. E). Even if this court assumes the plaintiff's comparators held the same position as the plaintiff and were identical to her in every other respect, no reasonable jury could find that the plaintiff's evidence suggests she was discriminated against on the basis of her sex. The plaintiff simply failed to meet her burden of proffering some evidence showing that these individuals received different treatment for the

---

required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment." (doc. 10). With this admonition and the requirements of Rule 56, her failure to rebut the defendant's statement of facts about the insurance coverage provided to the plaintiff renders that fact deemed admitted.

*same kinds of errors* that ultimately caused the plaintiff to lose her job. The magistrate judge, therefore, did not err when he recommended granting summary judgment on the plaintiff's Title VII discriminatory discharge claim.

> D. PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS OF LAW AND FACT REGARDING FMLA INTERFERENCE CLAIM.

The plaintiff also objects to the magistrate judge's grant of summary judgment on her FMLA interference claim. More specifically, the plaintiff argues that the defendant failed to meet its burden of showing she was *not* entitled to relief and the magistrate judge erred in determining the plaintiff suffered no damage as a result of the alleged interference.

Contrary to the plaintiff's objection, the defendant did affirmatively argue that it did not interfere with the plaintiff's FMLA rights. (Def. Brief. at 31–33). While the FMLA guarantees only twelve *weeks* of *unpaid* leave in a twelve-month period for a serious health condition, 29 C.F.R. § 825.200(a)(4) (2010), the defendants provided twelve *months* of *paid* leave to the plaintiff. (Def. Brief at 9, ¶ 39). The defendant clearly lays out this argument in its brief, and again, the plaintiff, not the defendant, bears the burden of proving her FMLA claim. *Leach v. State Farm Mut. Auto. Ins. Co.*, 431 Fed. App'x 771 (11th Cir. 2011).

Similarly, the plaintiff cannot show that she was damaged in any way by the defendant's alleged failure to label her paid twelve-month sick time as FMLA leave. Although the plaintiff contests that her health insurance coverage discontinued near the time of her termination, (def. ex. A, pl. dep. at 52–53; 120–21), the defendant's contrary assertion that it actually provided health insurance coverage for the entire period the plaintiff received sickness and accident benefits is deemed admitted, as discussed previously in footnote 2 in this opinion. No reasonable

jury could find that the plaintiff was denied the very meager benefits promised her under the FMLA when, in fact, she received much more than the FMLA required. Because she suffered no damage, the plaintiff's FMLA claim is without merit and summary judgment is appropriate.

> E. PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS OF LAW AND FACT REGARDING HER FMLA RETALIATION CLAIM.

The plaintiff also objects to the magistrate judge's determination that the plaintiff failed to establish pretext in her FMLA retaliatory termination claim based on the temporal proximity between her request for FMLA leave on December 23, 2009 and her receipt of the disciplinary notice the same day. In addition, she objects to the magistrate judge's determination that she waived any argument about other adverse employment actions being based on her requests for FMLA leave.

Contrary to the plaintiff's assertion that the magistrate judge granted summary judgment on her FMLA retaliatory termination claim solely because she could not demonstrate pretext, the magistrate judge's report focused on the fact that even if the plaintiff's termination was based on her request for FMLA leave, she is unable to recover because she cannot demonstrate that she was entitled to reinstatement. *See Grace v. Adtran,* Inc. 470 Fed. App'x 812, 816 (11th Cir. 2012) (holding that employer did not interfere with employee's FMLA right to reinstatement where employee was still unable to perform an essential function of her position at the end of the 12 week leave); *see also Clark v. Macon County Grehound Park, Inc.*, 727 F. Supp. 2d 1281 (M.D. Ala. 2010).

As discussed previously, the plaintiff claims to have been totally disabled several days prior to her discharge on January 5, 2009. Thus, she cannot show that she suffered any monetary

9

losses from her termination or that she was entitled to reinstatement. (*See* Doc. 50, at 40). In addition, the plaintiff's oft-mentioned loss of insurance is not evidence of damages because the plaintiff forfeited this argument by not objecting to the defendant's undisputed facts. *See infra* note 2. Thus, summary judgment on the plaintiff's FMLA retaliatory termination claim is proper.

In addition, contrary to the plaintiff's objection that the magistrate judge erroneously found that she had waived her claims on other unspecified retaliatory acts, the magistrate judge when into great detail analyzing the possibility that the five-day suspension issued on the same day the plaintiff requested FMLA leave was retaliatory. Ultimately, for the reasons stated in the Report and Recommendation, the magistrate judge correctly concluded that the plaintiff could not show that the suspension was pretext. (*See* Doc. 50 at 44–48). To the extent plaintiff objects to the magistrate judge overlooking other unspecified retaliatory acts, the plaintiff has the burden to state all claims she wishes the court to address. Because she did not clearly do so in her brief, in her response to the defendant's motion for summary judgment (which clearly attempted to address all of the plaintiff's stated claims), or in her vague objection to the magistrate judge's report and recommendation, she abandons any claims not raised.

F. PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S FINDINGS OF LAW AND FACT REGARDING PRETEXT.

The plaintiff also claims that the magistrate judge erroneously dismissed her arguments that the defendant's stated reasons for disciplining the plaintiff were pretext. Without going into any more detail than she did in her brief, the plaintiff summarily restates her position that certain of her coworkers have "received more disciplinary action for poor workmanship" than the plaintifff and "[y]et, they have not been terminated by the defendant." (Pl. Br. at 11). The

plaintiff's objection completely ignores the magistrate judge's clear explanation of why the comparator evidence the plaintiff proffered was insufficient. Without more information about the comparators or the mistakes they made relative to the punishment the defendant rendered, this court cannot conclude that the plaintiff is able to show pretext. *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997); (*see also* Doc. 50 at 44–48).

In addition, the plaintiff argues that the magistrate judge erred when he determined that what mattered in determining whether her termination was lawful is not whether she actually made the mistakes cited as justification, but whether the employer *thought* she did. The plaintiff claims that requiring her to show both that she was not responsible for the misconduct and that the defendants knew she was not responsible for the misconduct but took adverse action anyway is too high a burden to meet. However, every pretext argument requires the plaintiff to demonstrate—or at least call into question—the defendant's true motivations. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804–05 (1973). Such a standard is required to preclude the court from stepping in to become a "'a super-personnel department that reexamines an entity's business decisions'"—a prohibited role and practice. *Elrod v. Sears, Roebuck and Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991) (quoting *Mechnig v. Sears, Roebuck and Co.*, 864 F.2d 1359, 1365 (7th Cir. 1988)).

The magistrate judge correctly characterized the plaintiff's burden and found that the plaintiff failed to demonstrate both that she did not make the mistakes and that the defendants knew she did not make the mistakes and disciplined her anyway in her effort to show pretext. *See Standard v. A.B.E.L. Services, Inc.*, 161 F.3d 1318, 1332–33 (11th Cir. 1998) ("The pretext inquiry is concerned with the employer's perception of the employee's performance, not the

employee's own beliefs."); (*see* also Doc. 50, at 28–32). Thus, summary judgment on all claims involving pretext was proper.

### G. PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S FINDINGS OF LAW AND FACT REGARDING DAMAGES.

The plaintiff finally objects to the magistrate judge's determination that she failed to show damages under the FMLA for lost pay during her five-day suspension prior to her termination or for the loss of her medical insurance.

As to the plaintiff's claim of lost pay during her suspension, the plaintiff fails to show that she actually served a suspension. While the plaintiff's notice stated that her suspension should take place from December 24–28 of 2008, (def. ex. F), the notice also states that if she was scheduled to work those dates, she should work as scheduled and would later be notified of the date upon which she would actually be off of work. *Id.* In addition, the record makes clear that no one in her department worked between December 24–29. (Pl. Ex. I, pt. 2). Finally, even assuming she had served an unpaid suspension, the plaintiff would not have an FMLA claim because, as previously discussed, she could not show that the defendant's reasons for issuing the suspension were pretext.

As to the plaintiff's claim that she suffered a loss of medical insurance, the magistrate judge correctly concluded that the fact that plaintiff's insurance remained active for nearly a year after her termination was deemed admitted when the plaintiff failed to object to it. Therefore, she cannot establish damages on those grounds.

## III. CONCLUSION

For these reasons, the court will ADOPT the report of the magistrate judge and ACCEPT his recommendation. Accordingly, the court will GRANT the motion for summary judgment, ENTER JUDGMENT in favor of defendant United States Steel Corporation, and DEEM United States Steel Corporation's motion to strike MOOT.

DONE and ORDERED this the 14th day of March, 2014.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE